IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SAMMY LEE WILLIAMS,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:23-CV-00126-MTT-CHW |
| | : | |
| v. | : | |
| | : | |
| **U.S. ATTY OFF**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

# ORDER

*Pro se* Plaintiff Sammy Lee Williams filed a civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff indicated that he is being held in Central State Hospital in Milledgeville, Georgia due to an "incompetency hearing". *Id*. at 1. Because Plaintiff's complaint was overwhelmingly blank and failed to state a claim, he was ordered to recast his complaint. ECF No. 4. Plaintiff has filed a recast complaint. ECF No. 5. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. His motion to proceed *in forma pauperis* is **GRANTED** for purposes of this dismissal and his complaint is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915A(b)(1) for the reasons set forth below.

## REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his applications to proceed *in forma pauperis* are hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*,

he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived. Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

    A.    Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his trust account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from

Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

      B.      Plaintiff's Obligations Upon Release

An individual's release from custody does not excuse his prior noncompliance with the provisions of the PLRA. Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his trust account while he was still incarcerated. The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

      I.      Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll*

*v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Additionally, a complaint may be dismissed for failure to state a claim when an affirmative defense, such as failure to exhaust administrative remedies or the statute of limitations, appears on the face of the complaint. *Jones v. Bock*, 549 U.S. 199, 215-16 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims,

4

the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

II. Factual allegations

Both Plaintiff's original complaint and his recast complaint are completely void of any allegations. *See* ECF Nos. 1 and 5. The best the Court can discern is that Plaintiff is currently housed at Central State Hospital in Milledgeville Georgia possibly due to a competency hearing for a criminal case in the Superior Court of Peach County. *See id*.

III. Plaintiff's claims

It is unclear why Plaintiff has named any of the Defendants as parties in this action. Plaintiff does not present any allegations in his complaint or recast complaint regarding any of the Defendants. *See id*. A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal

connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

Accordingly, Plaintiff's claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

**SO ORDERED** this 23rd day of May, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT